### The People v. Charles Jackson.

Convictions in the Recorder's Court of Detroit, for offenses against city ordinances, can not be brought before this court for review on exceptions before sentence, under Chapter 197 of the Compiled Laws.

*Heard April 24th. Decided April 27th.*

On exceptions from the Recorder's Court of Detroit.

*A. Russell*, for the People.

*L. Bishop*, for defendant.

THE CHIEF JUSTICE:

This is a motion to dismiss the bill of exceptions brought up before judgment, in a prosecution for an offense arising under an ordinance of the city of Detroit. We have already decided (*see p.* 78), that questions arising upon the trial of such prosecutions could not be reserved for our advice, nor entertained by us, for want of jurisdiction. The same rea-

sons which exclude jurisdiction in such cases, apply to the bill of exceptions now before us. The Recorder's Court has a twofold jurisdiction. Jurisdiction under the general laws of the state, over prosecutions for offenses against such laws committed within the city, and jurisdiction over prosecutions for violations of city ordinances. In respect to the former, the general laws in all respects apply; and cases, questions, and bills of exceptions may be exhibited to us, precisely as they may by a Circuit Judge or Court. But in respect to the latter, no such right exists in the Recorder, nor is any such jurisdiction conferred upon us.

A careful examination of the charter will show, that the powers and jurisdiction in the latter class of cases are not co-extensive with those in the former, and that it was the intention of the Legislature to keep them distinct. For example, all writs and process issuing from said Recorder's Court on complaints under the ordinances, shall be to the marshal or any constable of the city; while those for offenses against the general laws, shall be directed to the sheriff, shall run in the name of the People of the state of Michigan, and shall be sealed, &c. Prosecutions under the general laws shall be by indictment, complaint or information, in the name of the People, signed by the prosecuting attorney, &c., while those for violations of a city ordinance shall be by written complaint of any one aggrieved, sworn to by him, and the intervention of the prosecuting attorney is not required. The city attorney or any private attorney acts in behalf of the prosecution in the latter case. The complaint in the former case is an official act: in the latter it is not necessarily such.

Again, by the provisions of the Constitution and of the common law, persons charged with crime must be tried by a jury, and the law is well settled that this is imperative, and not a right to be waived: yet under the charter, in all trials for offenses against it, or the ordinances of the city, this right shall be deemed waived unless a jury be demanded.

These are a few of the illustrations to be found in the charter of the twofold nature of the Recorder's jurisdiction, and of the conclusion at which we have arrived, that in proceedings for breaches of ordinances, the general rules applicable to proceedings in the Circuit Courts, or in the Recorder's Court, for offenses against the general laws, so far as they relate to the reservation or removal of cases before judgment, do not apply.

Much reliance is placed upon the language of § 24 of the charter,* in urging this right of bringing these exceptions before us. But a careful examination of the section, and of the whole chapter VI, will show that it has reference only to the removal of cases arising under general laws. "Like proceedings" refers as well to character as to details, and those under complaints for violation of ordinances, can hardly be likened in character to those under indictments or informations for breaches of general laws.

At the common law no exceptions would lie in criminal cases, and it is only by force of the statute that any right to take them exists. The statute gives such right only in cases of violations of general laws. The ordinances of the city are no more nor less than by-laws of a corporation; and it would be strange indeed if such could be raised to the dignity of general criminal laws, or courts of general jurisdiction could take cognizance of such ordinances, or of proceedings to enforce them, in like manner as they can of general laws, or proceedings under them, without express legislative provision.

The motion must be granted.

---

* This section is as follows:

"Sec. 24. All the proceedings of said Recorder's Court, at any time before or after final judgment or sentence, may be removed to the Supreme Court by writ of error or other process, in the same manner that like proceedings may by law be removed to the Supreme Court from the Circuit Courts of the state; and the Supreme Court shall proceed to adjudicate thereon, in the same manner as on proceeding removed from said Circuit Courts."