CITY OF DETROIT *v.* WAYNE CIRCUIT JUDGE.*

1. CONSTITUTIONAL LAW—COURTS—LEGISLATURE MAY CREATE ANY COURT WITH JURISDICTION INFERIOR TO SUPREME COURT.

The legislature has the constitutional right to create any court and to vest it with whatever jurisdiction it pleases, provided only that it shall be inferior to the Supreme Court.[1]

*See *Grosscup* v. *Wayne Circuit Judge, post,* 362.
[1]Courts, 15 C. J. § 185.

2. Criminal Law—Courts—Recorder's Court Has Jurisdiction Equal to Circuit in Cases Involving General Criminal Laws of State—Inferior in Cases Involving Violation of City Ordinances.

> The recorder's court of the city of Detroit has jurisdiction equal to that of the circuit court in cases involving the general criminal laws of the State, and as to this jurisdiction the circuit court has no supervisory control, but in cases involving violation of city ordinances it has not jurisdiction equal to that of the circuit court, and its proceedings in such cases may, therefore, be reviewed by the circuit court by writ of certiorari.[2]

Mandamus by the city of Detroit to compel Harry J. Dingeman, circuit judge of Wayne county, to dismiss a writ of certiorari. Submitted October 27, 1925. (Calendar No. 32,201.) Writ denied December 22, 1925.

*Clarence E. Page,* Assistant Corporation Counsel, for plaintiff.

*Samuel L. Weller,* for defendant.

McDONALD, C. J. Eldon Grider was tried in the recorder's court of the city of Detroit on a charge of violating the city ordinance relative to reckless driving. He was convicted and sentenced to serve 30 days in the Detroit house of correction. The defendant, a circuit judge of Wayne county, issued a writ of certiorari to review the conviction. The plaintiff moved to dismiss the writ. The motion was denied. The plaintiff is here for a writ of mandamus to compel the circuit judge to set aside his order denying the motion to dismiss.

The question involved is whether the circuit court of Wayne county has jurisdiction to review proceedings from the recorder's court relating to violations of city ordinances. In exercising its jurisdiction over

---

[2]Courts, 15 C. J. § 418; Criminal Law, 16 C. J. §§ 176, 177.

cases involving a violation of the city ordinances, is the recorder's court inferior to the circuit court? The Constitution of this State gives the circuit court supervisory control over all inferior courts; so that we have answered the question involved when we have determined whether, in respect to its jurisdiction in city ordinance matters, the recorder's court is inferior to the circuit court.

The recorder's court of the city of Detroit was created in 1857 to succeed the mayor's court. In addition to its local municipal jurisdiction it was given exclusive and original jurisdiction of all State criminal cases arising within the corporate limits of the city, and in the exercise of this jurisdiction it was vested with all of the powers of a circuit court. It follows that in respect to its jurisdiction over State criminal cases it is not inferior to the circuit court. This is conceded by the defendant, but he insists that in its jurisdiction over city ordinances the same rule does not apply and that as to such jurisdiction it is inferior to the circuit court.

This precise question was before our court in *Swift* v. *Wayne Circuit Judges*, 64 Mich. 479, 487. It was there said:

"The fact that the recorder's court acts as a State criminal court in criminal cases does not make it any the less a city court in city cases. It has already been decided that these ordinance cases involve not State law, but city law, and must be reviewed on certiorari. * * * The remedy by appeal has been dropped very wisely, as State courts are not designed to act as municipal courts; but no interference has been had to provide any other remedy, so that the certiorari is the only one to be used. The review of such cases is as appropriate for the circuit court now as it was prior to 1857. It is plain enough that a municipal court is presumptively inferior to a circuit court, so far as its jurisdiction is not of equal character."

Counsel for the city argues that the *Swift Case,* though squarely against his contention, 'is not to be followed because the reason for the rule therein enunciated has been removed by judicial construction; that since that case was decided the distinction between a violation of a city ordinance and a State criminal law has been abolished; that at that time an ordinance was regarded merely as a by-law of a corporation, and a prosecution for its violation was in the nature of a civil proceeding; that now the violation of an ordinance is a crime and is not different from those other crimes over which the recorder's court concededly has jurisdiction without interference from the circuit court.    In support of this contention he cites and relies on *People* v. *Goldman,* 221 Mich. 646.

Beginning with *People* v. *Jackson,* 8 Mich. 110, the early cases of this court did not regard the violation of an ordinance as a crime.    In the *Jackson Case* it was said:

"The ordinances of the city are no more nor less than by-laws of a corporation; and it would be strange indeed if such could be raised to the dignity of general criminal laws."

In *Mixer* v. *Board of Sup'rs of Manistee Co.,* 26 Mich. 422, Justice CAMPBELL, speaking of prosecutions for violations of ordinances, said:

"They resemble criminal cases only in being penal proceedings, but no offense is a crime, which does not violate the law of the land."

Sixty-three years after the *Jackson Case* and 50 years after the *Mixer Case,* Justice SHARPE wrote in *People* v. *Goldman.*    In the interval the powers of cities to enact ordinances had been greatly extended, and the view of the court as to the nature of such violations naturally and necessarily changed to meet the new situation thus presented.    Justice SHARPE states it as follows:

"When the legislature began to extend the power of the cities to legislate in matters of local concern, under the authority conferred by article 4, section 38, of the Constitution of 1850, and ordinances began to be enacted providing for punishment by fine or imprisonment, or both, this court recognized that violations of such ordinances were violations of the law and that, when prosecuted as criminal cases, the procedure applicable to crimes attached thereto;" citing *People* v. *Hanrahan*, 75 Mich. 611 (4 L. R. A. 751).

Both the *Goldman Case* and the *Hanrahan Case* held that a violation of an ordinance was "in one sense a crime."    Seventeen years after the *Hanrahan Case* was decided Justice Ostrander wrote *People* v. *Smith*, 146 Mich. 193, in which it was held:

"Prosecutions for violations of city ordinances are not criminal cases within the meaning of the term as used in the general laws of the State. * * *
"And while the proceedings are not criminal in the sense that they are in enforcement of general criminal laws, they do so partake of the nature of criminal proceedings including a verdict of guilty or not guilty, as charged, that the practice of securing by way of findings a number of special verdicts is unwarranted."

The *Goldman Case* was decided after *People* v. *Smith*, and is in perfect harmony with that case. Neither of them disturb the holding in *Swift* v. *Wayne Circuit Judges, supra.*    It is still the law that when the recorder's court is exercising its jurisdiction in the enforcement of ordinances, it is acting as a city court; and that when exercising its jurisdiction in the enforcement of the criminal laws of the State it is vested with the powers of the circuit court, and is acting as a State court.    The legislature and the courts have always maintained this distinction.    The fact that both may be classed as crimes affects the distinction only in degree.    There still is a distinction which gives the recorder's court two separate juris-

dictions.   In *People* v. *Jackson,* 8 Mich. 110, decided in 1860, it was said:

"The recorder's court has a twofold jurisdiction. Jurisdiction under the general laws of the State * * * and jurisdiction over prosecutions for violations of city ordinances."

In *Attorney General* v. *Election Commission,* 202 Mich. 626, decided in 1918, this court said:

"It is evident that the jurisdiction of the recorder's court is of a dual character.   We think it logical to say that when it is exercising jurisdiction, given to it exclusively, to enforce ordinances of the city, that it is a city court."

In *Murtha* v. *Lindsay,* 187 Mich. 79, it was said:

"The recorder's court is, when exercising jurisdiction to try persons accused of crimes, under the general laws of the State, a State court; its judges exercising the powers of a circuit judge."

The holding in these cases is in harmony with what was said in the *Swift Case,* viz.:

"The fact that the recorder's court acts as a State criminal court in criminal cases does not make it any the less a city court in city cases."

The legislature has the constitutional right to create any court and to vest it with whatever jurisdiction it pleases, provided only that it shall be inferior to the Supreme Court.   In creating the recorder's court for the city of Detroit, it seems to have conferred upon it jurisdiction equal to the circuit court in cases involving the general criminal laws of the State.   As to this jurisdiction the circuit court of Wayne county has no supervisory control.   But in cases involving the violation of city ordinances it has not been given jurisdiction of equal character to that of the circuit court, and is therefore an inferior court, whose pro-

ceedings the circuit court may review by the writ of certiorari.

The writ of mandamus is denied, without costs to either party.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.