MOLINE *v.* JUDGE OF RECORDER'S COURT OF DETROIT.

1. COURTS — MERGER OF POLICE COURT WITH RECORDER'S COURT CREATED COURT WITH DUAL FUNCTIONS.
    The merger of the police court with the recorder's court, in the city of Detroit, under Act No. 369, Pub. Acts 1919, created a court with dual functions as distinct in purpose as formerly.

[1]Courts, 15 C. J. § 418.

2. SAME — MUNICIPAL CORPORATIONS — RECORDER'S COURT RETAINS JURISDICTION OF ORDINANCE CASES.

> The recorder's court of the city of Detroit, which had jurisdiction of violations of city ordinances previous to the merger with it of the police court, under Act No. 369, Pub. Acts 1919, still retains that jurisdiction, and in such prosecutions functions as recorder's court rather than as police court.

3. SAME—CRIMINAL LAW—VIOLATION OF ORDINANCE—NEW TRIAL AS MATTER OF RIGHT.

> The provision of section 12, Act No. 369, Pub. Acts 1919, granting a new trial as matter of right in cases tried before the court without a jury, is not applicable to a conviction in the recorder's court of the city of Detroit of violation of a city ordinance regulating the speed of motor vehicles; said provision being applicable only in cases formerly cognizable by the police court, and in ordinance cases jurisdiction was vested in the recorder's court and its predecessor and not in the police court.

Mandamus by Sam Moline to compel Frank Murphy, judge of the recorder's court of Detroit, to vacate an order denying a new trial. Submitted January 18, 1927. (Calendar No. 32,705.)  Writ denied April 1, 1927.

*M. E. Silverstein,* for plaintiff.

*Charles P. O'Neil,* Corporation Counsel, and *Nathaniel H. Goldstick,* Assistant Corporation Counsel, for defendant.

WIEST, J.   June 23, 1926, Sam Moline was arraigned in the recorder's court of the city of Detroit on a charge of operating a motor vehicle in that city at a rate of speed prohibited by ordinance.   To this charge he entered a plea of guilty and was sentenced to 30 days in the Detroit house of correction.   Under the ordinance the recorder was authorized to impose a fine of not more than $500, or imprisonment in the

---

[a]Courts, 15 C. J. § 418; [b]Id., 15 C. J. § 418.

Detroit house or correction for a period not exceeding 90 days, or both, in the discretion of the court.    Chap. 35, § 2, part 1, Comp. Ordinances, City of Detroit for 1920.    Mr. Moline moved for a new trial, which was denied by the presiding judge, and he now asks for our writ of mandamus directing the recorder to grant him a new trial.    He claims he is entitled to a new trial, as a matter of right, by virtue of the following provisions of section 12, Act No. 369, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 14725 [12]):

"SECTION 12.    The procedure in all cases where motion is made for a new trial shall be the same as is provided for under the general laws of this State for circuit court.    In cases cognizable by justices of the peace, motion for new trial must be filed within fifteen days from rendition of judgment.    Such motion shall be heard by the presiding judge or shall be assigned to some justice other than the one who sat in the trial of such action and shall be determined within ten days after said motion is filed: *Provided,* That in any case wherein the conviction shall have been had on the trial before the court without a jury, the respondent shall be entitled to have such motion allowed as a matter of right on the filing of a bond in such amount and in such form as may be fixed and approved by the court.    Upon the approval of such bond, execution of sentence shall be stayed."

The recorder held that the section quoted does not apply to cases involving violations of the ordinances of the city of Detroit; that a motion for a new trial, granted as a matter of right, is only in causes theretofore cognizable by a justice of the peace and not to causes theretofore cognizable by the recorder's court only.

The act of 1919 abolished the police court as an entity and merged all of its powers and functions in the recorder's court.    The language of the merger act might well have been more specific on the subject of the dual character of the consolidated courts.    No

difficulty, however, need be experienced if consideration is given to the legislative history of the recorder's court and the police court. Before the police court was created, during the whole period of its existence and at the time of its abolishment as an independent entity, that court had no jurisdiction in ordinance cases, except under express provisions in ordinances. The merger of the police court with the recorder's court created a court with dual functions as distinct in purpose as formerly.

The former police court for the city of Detroit, as we have said, never had jurisdiction of prosecutions for violations of ordinances of the city, and the merger of that court with the recorder's court still retains jurisdiction of ordinance violations in the recorder's court as formerly, and not in that court functioning as the former police court. Defendant was convicted in the recorder's court, functioning within its exclusive jurisdiction in ordinance cases, and no right to a new trial as of course existed.

What we have said is clearly established by the history of the two courts. The recorder's court is the successor of the old-time mayor's court, created in 1824. See 2 Territorial Laws, p. 226. That court was vested with power and authority:

"To inquire of, hear, try and determine, in a summary manner, all offenses which shall be committed within the said city against any of the laws, ordinances or regulations that shall be made, ordained or established by the said common council, * * * and to punish the offender or offenders as by said laws, ordinances or regulations shall be prescribed or directed." * * *

The mayor's court was made a court of record. See, also, the 1827 charter of the city in 2 Territorial Laws, p. 350. See, also, Act No. 35, Laws 1839. Antedating the creation of the mayor's court, by act of

238—Mich.—6.

the governor and judges, in October, 1815 (1 Territorial Laws, p. 534), the city of Detroit was created a municipal corporation with five trustees, "as a body politic in law, by the name of 'The Board of Trustees of the City of Detroit.'" That act gave the board of trustees power:

"to make, ordain and establish, in writing, such laws and ordinances, * * * as to them shall seem necessary and proper for the health, safety, cleanliness, convenience and good government of the said city of Detroit and the inhabitants thereof, * * * to administer all necessary oaths, to impose reasonable fines, penalties and forfeitures upon all persons who shall offend against the laws and ordinances that shall be so made as aforesaid." * * *

It should be kept in mind that in the Northwest Territory and the Territory of Michigan there were justices of the peace at all times. The recorder's court, as successor to the mayor's court, was created by the charter of the city of Detroit, enacted by the legislature by Act No. 55, chap. 6, Laws 1857. Section 1 of that act provided:

"There shall be a municipal court in and for the city of Detroit, to be called 'The Recorder's Court,' which shall be a court of record."

Section 5 provided:

"Said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State for crimes, misdemeanors and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of the said city." * * *

Section 33 provided:

* * * "In all trials for offenses against this act or any ordinance or regulation of the common council of said city, the person or persons on trial shall be tried

by the court, unless he or they shall request to be tried by a jury."

Act No. 301, Laws 1850, established the police court with jurisdiction:

"To hear all complaints, to conduct all examinations in criminal cases, and to try all offenses which by the laws of this State are now brought and established within the jurisdiction of justices of the peace, and which may hereafter arise within the corporate limits of said city of Detroit."

We have given this history of the courts, and therefrom and the language employed in the act of 1919, it is obvious that new trials, as a matter of right, can only be had in cases that were theretofore cognizable by the police court.   Mr. Moline was not entitled to a new trial as a matter of right.

The question involved being of public moment, the writ is denied without costs.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.   BIRD, J., did not sit.