RECORDER'S COURT JUDGE *v.* WAYNE CIRCUIT JUDGE.

1. COURTS—CIRCUIT COURT—CERTIORARI—JURISDICTION.
   The jurisdiction of the circuit court to issue writs of certiorari is limited by court rule to probate courts, circuit court commissioners, justices of the peace and corporate bodies or boards or officers thereof (Court Rule No 43, § 2 [1945]).

2. SAME—RECORDER'S COURT—REVIEW—SUPREME COURT.
   The Supreme Court is the forum in which to review doings of the recorder's court of Detroit (CL 1948, § 726.24).

3. SAME—RECORDER'S COURT—CIRCUIT COURT—JURISDICTION.
   The recorder's court of Detroit has exclusive and original jurisdiction of all State criminal cases arising within the corporate limits of the city, and in the exercise of such jurisdiction is vested with all the powers of a circuit court, hence, it is not inferior to the circuit court (CL 1948, § 726.24).

4. HABEAS CORPUS—WRIT OF ERROR.
   The writ of habeas corpus cannot function as a writ of error.

5. SAME—JURISDICTION OF COURT.
   Habeas corpus is not available to one convicted of a crime and committed by a court which has acquired jurisdiction and has not abused its power.

6. PROHIBITION—COURTS—JURISDICTION—REVIEW.
   Prohibition is a proper remedy to prevent review of a conviction of second-degree murder in the recorder's court of Detroit by the circuit court, where the recorder's court had exclusive jurisdiction to try the cause and review of such conviction is restricted to appeal to the Supreme Court (CL 1948, § 726.24).

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts § 273.
[4] 25 Am Jur, Habeas Corpus § 14.
[5] 25 Am Jur, Habeas Corpus §§ 13, 17.
[6] 42 Am Jur, Prohibition §§ 19, 20.

7. Costs—Public Question—Prohibition.

> No costs are allowed in prohibition proceeding to prevent review by the Wayne circuit court of a conviction of crime by the recorder's court of Detroit, a public question being involved.

Original application by Paul E. Krause, Judge of the Recorder's Court for the City of Detroit, against Carl M. Weideman, Judge of the Circuit Court for the Third Judicial Circuit, for writ of prohibition denying latter's jurisdiction to review criminal conviction by certiorari proceedings. Submitted December 2, 1956. (Calendar No. 46,886.) Writ issued January 17, 1957.

*Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber, Samuel Brezner* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for plaintiff.

*Isaac M. Smullin,* for defendant.

Sharpe, J. Petitioner, Paul E. Krause, is a judge of the recorder's court of the city of Detroit. Defendant, Carl M. Weideman, is a judge of the circuit court of Wayne county, Michigan. On May 22, 1956, petitioner filed a petition for a writ of prohibition in the Supreme Court in which he alleges that the recorder's court, created by Local Acts 1857, No 55, is a court of record with exclusive and original jurisdiction over violations of the penal code arising within the corporate limits of the city of Detroit, and is vested with powers equal to those given to the circuit courts of this State; that on May 14, 1956, he was the trial judge in the case of People *v.* Louise Mullins who was charged in an information with the crime of first-degree murder; that on May 15, 1956, after listening to the testimony and proofs he found her guilty of murder in the second degree; that on May 17, 1956, respondent issued a writ of certiorari directed to petitioner to certify

the records and proceedings in the matter of People *v.* Mullins in order that Carl M. Weideman "may cause to be done thereupon what of right ought to be done, and have you then and there this writ."

Petitioner further states that review of convictions other than for violations of city ordinances, in the recorder's court of the city of Detroit, is by appeal to the Supreme Court. CL 1948, § 726.24 (Stat Ann § 27.3574), reads:

"All the proceedings of said recorder's court at any time before or after final judgment or sentence, may be removed to the Supreme Court by writ of error or other process, in the same manner that like proceedings may, by law, be removed to the Supreme Court from the circuit courts of the State, and the Supreme Court shall proceed to adjudicate thereon in the same manner as on proceedings removed from said circuit courts."

Michigan Court Rule No 43 (1945) limits the jurisdiction to issue writs of certiorari by the circuit court to probate courts, circuit court commissioners and justices of the peace. We quote, in part, from section 2 of said rule:

"Said circuit courts shall also have jurisdiction to issue writs of certiorari in all cases where they may now be issued by the Supreme Court to probate courts, circuit court commissioners, and justices of peace, or any corporate body or board or officers thereof."

Petitioner also urges that the Honorable Carl M. Weideman, in issuing the writ of certiorari, has in effect exercised appellate jurisdiction over the recorder's court of the city of Detroit, and has created what may be termed as an intermediary court of appeal; that petitioner has no other adequate remedy at law except by this petition for writ of prohibition.

Respondent filed an answer to petitioner's petition for a writ of prohibition, in which he states, in part:

"That a petition for a writ of habeas corpus and for an ancillary writ of certiorari was filed with him by Barbara Louise Mullins, charging among other things as follows:

"(1) That she was illegally, improperly and without due process of law incarcerated by Andrew C. Baird, Wayne county sheriff, and/or his agents and deputies.   *   *   *

"(16) That your petitioner was illegally and improperly convicted upon evidence which was not admissible as a matter of law.

"(17) That she was made to expose herself in a private part of her body (her mouth and dental work) and was made to testify against herself, in violation of her constitutional rights.

"(18) That the trial judge improperly and illegally admitted testimony of an officer who was not a medical doctor, stating that he examined the hands of your petitioner, which again was in violation of her constitutional rights.

"(19) That the people, in representing their case, illegally and improperly and in violation of your petitioner's constitutional rights and over the objection of her attorney, elicited from your petitioner information about certain alleged convictions prior to December 10, 1955, which elicitations were damaging to your petitioner and which resulted in her testifying against herself.   *   *   *

"12. That by virtue of the proceedings instituted by said Barbara Louise Mullins, it conferred jurisdiction upon him to issue said writ of habeas corpus and the ancillary writ of certiorari, which he did in accordance with the duty and obligation of his office as a circuit judge for the county of Wayne, which jurisdiction he intends to maintain and uphold, unless otherwise ordered by the Supreme Court of the State of Michigan.   *   *   *

"Wherefore, the respondent prays:

"That the writ of prohibition applied for by Paul E. Krause, judge of the recorder's court, be denied and that your respondent may be permitted to exercise his judicial and constitutional duties by passing upon the writ of habeas corpus, ordered by him."

We note in the answer filed by respondent that it is charged that Barbara Louise Mullins was illegally and improperly convicted upon evidence which was not admissible as a matter of law. We also note that in the present proceedings petitioner is not appealing from the issuance of the writ of habeas corpus, but seeks by a writ of prohibition to enjoin respondent from reviewing the conviction of Barbara Louise Mullins.

The answer as to whether a writ of prohibition should issue depends upon whether the circuit court of Wayne county had jurisdiction to entertain a petition for a writ of habeas corpus. In the case at bar the petition for a writ of habeas corpus shows that Barbara Louise Mullins was tried in the recorder's court of Detroit for a crime in which said court had jurisdiction to try, but alleges errors in the trial of said cause.

The Supreme Court is the forum in which to review doings of the recorder's court, as provided in CL 1948, § 726.24 (Stat Ann § 27.3574).

In *City of Detroit* v. *Wayne Circuit Judge,* 233 Mich 356, 358, this Court held:

"The recorder's court of the city of Detroit was created in 1857 to succeed the mayor's court. In addition to its local municipal jurisdiction it was given exclusive and original jurisdiction of all State criminal cases arising within the corporate limits of the city, and in the exercise of this jurisdiction it was vested with all of the powers of a circuit court. It follows that in respect to its jurisdiction over

State criminal cases it is not inferior to the circuit court."

It is settled in this State that the writ of habeas corpus' cannot function as a writ of error. *In re Joseph,* 206 Mich 659; *People* v. *Harris,* 266 Mich 317. It is not available to one convicted of a crime and committed by a court which has acquired jurisdiction and has not abused its power. *In re Van Dyke,* 276 Mich 32.

In the instant case Barbara Louise Mullins was convicted of murder by a court that has exclusive jurisdiction to try said cause. Review of such conviction is restricted to appeal to the Supreme Court. Prohibition is a proper remedy to prevent review of a conviction in the recorder's court by the circuit court.

The writ will issue to restrain respondent from attempting to review such conviction. No costs as a public question is involved.

DETHMERS, C. J., and SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.