PEOPLE *v.* PAILLE #1.

OPINION OF THE COURT.

1. COURTS—RECORDER'S COURT—REVIEW—STATUTES.

   The statute preventing review by one of Detroit Recorder's Court judges of an order, judgment, sentence or act of another Recorder's Court judge was not intended by the legislature to be inapplicable to a new function given to Recorder's Court by an amendment of the Recorder's Court act by the municipal courts of record act (MCLA §§ 725.1 *et seq.,* 726.2).

2. CRIMINAL LAW—RECORDER'S COURT—SUPERINTENDING CONTROL—REMAND TO MAGISTRATE.

   Plaintiff's motion in Detroit Recorder's Court to remand the cause to an examining magistrate, should be remanded to Wayne circuit court under the Supreme Court's superintending authority, to hear and rule on the motion.

DISSENTING OPINION.

DETHMERS AND BLACK, JJ.

3. COURTS—RECORDER'S COURT—EXAMINING MAGISTRATE—REINSTATEMENT OF EXAMINATION.

   *The presiding judge of Detroit Recorder's Court may properly review the dismissal of charges in a criminal case by another Recorder's Court judge sitting as an examining magistrate and reinstate the preliminary examination, remand it to that*

---

REFERENCE FOR POINTS IN HEADNOTES

[1–5]   20 Am Jur 2d, Courts §§ 111–117.

*magistrate, direct him to receive testimony theretofore excluded by him and reconsider the order dismissing charges.*

4. COURTS—RECORDER'S COURT—DECIDED CASE—REVIEW.
   *Statute prohibiting review by one of Detroit Recorder's Court judges of an order, judgment, sentence or act of another Recorder's Court judge is directed toward the situation in which one judge of that court has tried and decided a case (CL 1948, § 726.2).*

5. COURTS—RECORDER'S COURT—SUPERINTENDING CONTROL—REMAND TO MAGISTRATE.
   *Circuit courts by statute have a general superintending control over all inferior courts and tribunals including the power to remand to a magistrate for preliminary examination, and the same relationship exists between the presiding judge or trial judge of Recorder's Court and the examining magistrate of that court (MCLA §§ 600.615, 767.42).*

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and R. B. Burns and Fitzgerald, JJ., denying leave to appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J.   Submitted January 16, 1970.   (Calendar No. 15, Docket No. 52,260.)   Decided July 11, 1970.

Robert Paille was charged with first-degree murder.   Charges dismissed on preliminary examination.   The prosecution's motion to reinstate the preliminary examination was granted by the presiding judge of Recorder's Court.   Leave to appeal denied by the Court of Appeals.   Defendant appeals. Reversed and remanded to Wayne circuit court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Boesky & Lippit, P. C. (Robert J. Sandler,* of counsel), for defendant.

T. E. BRENNAN, C. J.   I cannot agree that the amendment of the Recorder's Court act by PA 1919, No 369 (MCLA § 725.1 *et seq.* [Stat Ann 1962 Rev and 1970 Cum Supp § 27.3941 *et seq.*]) gave rise to a new function in Recorder's Court to which the pre-existing restriction on review by another judge (LA 1883, No 326, Ch XII, § 2, as amended by LA 1893, No 408 [CL 1948, § 726.2 (Stat Ann 1962 Rev § 27.3552)]) could not have application.

It gave rise to a new function all right, but there is no reason to suppose that the legislature did not fully intend to vest that new function in a court whose judges were statutorily prohibited from reviewing each others decisions.

Whatever intra-court battles occasioned the adoption of the restriction upon intra-court review, the wisdom of preventing judges of equal station from overruling each other abides.   And, the rationale applies especially to the split-level jurisdiction of Recorder's Court.

I would vote to reverse, and in the light of the delay already experienced in this criminal prosecution, I would, under our superintending authority, remand this cause to the circuit court for Wayne County to hear and rule upon the prosecutor's motion to remand to the magistrate.

KELLY, T. M. KAVANAGH, ADAMS and T. G. KAVANAGH, JJ., concurred with T. E. BRENNAN, C. J.

DETHMERS, J. (*dissenting*).   Defendant was charged in the Recorder's Court of the City of Detroit with first-degree murder.   One of the judges of that court sat as examining magistrate and at the conclusion of the preliminary examination dismissed the charges for lack of evidence.   During the exam-

ination he had excluded certain evidence offered by the people which they contend would have warranted binding defendant over for trial.

The people filed a motion for a writ of superintending control to reinstate the preliminary examination and remand to the examining magistrate with directions to receive and hear the excluded evidence and then reconsider his former ruling dismissing charges. This motion was heard and granted by the presiding judge of the Recorder's Court. Defendant's application for leave to appeal therefrom was denied by the Court of Appeals on the ground that jurisdiction in this case to review the decision of the examining magistrate on application of the people properly lies in the presiding judge of the Recorder's Court. Defendant contends that the people's appeal from the dismissal of charges by the Recorder's Court judge as examining magistrate may be taken only to the Court of Appeals.

Is it competent for the presiding judge of the Recorder's Court to review the dismissal of charges in a criminal case by another Recorder's Court judge sitting as examining magistrate and reinstate the examination, remand it to the examining magistrate and direct him to receive certain testimony theretofore excluded by him and then reconsider his previous order dismissing charges?

Defendant says that the answer to the above question must be "no" for the reason that LA 1883, No 326, Ch XII, § 2, as amended by LA 1893, No 408 (CL 1948, § 726.2 [Stat Ann 1962 Rev § 27-.3552]), provides:

"[N]o judge of said court shall review or revise any order, judgment, sentence or act of any other judge of said court, involving the personal discretion, judgment or opinion of such other judge."

That prohibition of review by one Recorder's Court judge of an order of another such judge appeared in the 1893 amendment and was directed toward the situation in which one judge of that court had tried and decided a case which decision it was not then intended should be reviewable by another judge of that court. Twenty-six years later, however, the legislature amended the Recorder's Court act by PA 1919, No 369 (MCLA § 725.1 *et seq.* [Stat Ann 1962 Rev and 1970 Cum Supp § 27.3941 *et seq.*]), for the first time authorizing Recorder's Court judges to sit as examining magistrates. See *People* v. *Miller* (1922), 217 Mich 635. That gave rise, then, to a new function, formerly that of a lower court, now to be performed by a Recorder's Court judge, to which the pre-existing restriction on review by another judge of that court could not have application.

CL 1948, § 726.11 (Stat Ann 1962 Rev § 27.3561), being part of the Recorder's Court act, provides, as to jurisdiction of that court, that it has power:

"[T]o do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this state within their respective jurisdictions, may, in like cases, issue and do by the laws of this state   *   *   *   ."   ·

PA 1961, No 236, § 615 (MCLA § 600.615 [Stat Ann 1962 Rev § 27A.615]), confers on circuit courts a general superintending control over all inferior courts and tribunals. That includes the power to remand to the magistrate for examination. See PA 1957, No 38 (CLS 1961, § 767.42 [Stat Ann 1970 Cum Supp § 28.982]). So here, where we deal with a court, the Recorder's Court, sliced into two parts by statute, one part being that of an examining

magistrate and the other the trial court which hears the case when the former binds over for trial, it is but logical that the same relationship exists between the two parts in the performance of their respective functions as does between circuit court and the magistrate with respect to that same matter of jurisdiction.

CL 1948, § 725.2 (Stat Ann 1962 Rev § 27.3942), provides that, in courts having more than two judges, one shall be presiding judge. Further, that such presiding judge shall be charged with the general supervision and superintendence of the work of the court. Recorder's Court is such court of record having more than two judges and, hence, has a presiding judge with such powers.

Defendant cites several cases for the proposition that a judge of the Recorder's Court of Detroit in criminal cases is not subject to review by the circuit court. From this, defendant reasons that the same must be true with respect to that part of the Recorder's Court which acts with the same powers as a circuit court in criminal cases. The cases cited by him, however, have to do with review of convictions in criminal cases in the Recorder's Court which are not subject to review in circuit court. None apply to actions of an examining magistrate and, hence, have no application here.

Consideration of the above statutory provisions leads us to believe that the order of remand of the presiding judge of the Recorder's Court, upheld by the Court of Appeals, should be affirmed.

BLACK, J., concurred with DETHMERS, J.