PEOPLE *v* CASON

1. COURTS—RECORDER'S COURT—CRIMINAL LAW—PRELIMINARY EXAMINATION.
Recorder's Court of Detroit has been a bifurcated court since 1919; it has all the functions the police court formerly had to hold preliminary examinations and also the functions of a circuit court and is not inferior to the circuit court in felony trials.

2. CRIMINAL LAW—MOTION TO DISMISS—PRELIMINARY EXAMINATION—EXAMINING MAGISTRATES.
A circuit judge may consider a motion to dismiss a criminal case after the defendant has been bound over for trial to that court upon preliminary examination by the examining magistrate.

3. CRIMINAL LAW—COURTS—RECORDER'S COURT—INDICTMENT AND INFORMATION—MOTION TO QUASH INFORMATION—STATUTES.
Trial judge in Detroit Recorder's Court has the power to pass on a defendant's motion to quash the information since a Recorder's Court judge sitting on a felony trial has the same power as a circuit court judge and a 1919 public act abolishing a police court of the City of Detroit did not decrease the powers of a municipal court judge to review an examining magistrate's decision (1919 PA 369).

4. CRIMINAL LAW—RECORDER'S COURT—EXAMINING MAGISTRATES—INDICTMENT AND INFORMATION—MOTION TO QUASH INFORMATION.
After an examining magistrate in Detroit Recorder's Court has bound the defendant over for trial, the trial judge in Recorder's Court is sitting as a circuit judge and, if defendant moves to quash the information, the judge is passing on a new motion before him, and not reviewing the decision of a judge of an equivalent rank.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-7] 20 Am Jur 2d, Courts § 30; 21 Am Jur 2d, Criminal Law § 440.

5. COURTS—RECORDER'S COURT—STATUTES—SUPERINTENDING CONTROL.

Statute providing in part that no judge of Detroit Recorder's Court shall review or revise any order, judgment, sentence or act of any other judge of that court, involving the personal discretion, judgment or opinion of such other judge was designed to prevent one Recorder's Court judge from exercising general powers of superintending control over another Recorder's Court judge (MCLA 726.2).

6. COURTS — SUPERINTENDING CONTROL — CRIMINAL LAW — CIRCUIT COURT — RECORDER'S COURT — EXAMINING MAGISTRATES — DISMISSAL OF CASE.

Remedy of a prosecutor, once a case against a defendant is dismissed by the examining magistrate in Recorder's Court, is to commence a new civil action for superintending control, which must be done in the circuit court, because there is then no action pending in Recorder's Court.

7. CRIMINAL LAW—RECORDER'S COURT—EXAMINING MAGISTRATES—DISMISSAL OF COMPLAINT.

The rule, that the prosecutor cannot appeal to the presiding judge of Detroit Recorder's Court, is limited to situations where the examining magistrate dismisses the complaint and does not apply in those instances where a defendant has been bound over by an examining magistrate for trial.

Appeal from Court of Appeals, Division 3, T. M. Burns, P. J., and R. B. Burns and Fitzgerald, JJ., order reversing and remanding Recorder's Court of Detroit, Henry L. Heading, J. Submitted April 5, 1972. (No. 10 April Term 1972, Docket No. 53,230.) Decided June 20, 1972.

Walter David Cason was charged with certain crimes in Detroit Recorder's Court and bound over for trial. Defendant's motion to quash the information denied. Defendant appealed to the Court of Appeals by leave granted. Reversed and remanded. The people appeal. Affirmed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Frank Schwartz* and *William L. Sanders,* for defendant.

SWAINSON, J.   This case involves the problem of the scope of *People v Paille #1,* 383 Mich 605 (1970). Defendant Cason was charged by complaint and warrant with possession of narcotics, carrying a concealed weapon, and attempted bribery of a police officer.   The examination was held on June 23, 1970, before Hon. James N. McNally, III, municipal judge for the City of Harper Woods, who was sitting as an examining magistrate in Recorder's Court by Supreme Court designation.   At the conclusion of the hearing, defendant was bound over on all three charges.   On June 30, 1970, defendant filed motion to quash the information alleging that the arrest was illegal and that, therefore, the items seized incident to the arrest were illegally seized and should be excluded from evidence.

The people, in answer to the motion, alleged that MCLA 726.2; MSA 27.3552,[1] and *People v Paille #1, supra,* deprived the pretrial judge of jurisdiction to review the decision of Judge McNally.

On August 14, 1970, the trial court denied defendant's motion to quash for want of jurisdiction, based on *People v Paille #1, supra.*   On December 30, 1970, the Court of Appeals entered its order reversing the trial court and holding that *People v Paille*

---

[1] MCLA 726.2; MSA 27.3552, provides in part:

"[N]o judge of said court shall review or revise any order, judgment, sentence or act of any other judge of said court, involving the personal discretion, judgment or opinion of such other judge."

*#1* was not applicable. The Court of Appeals stated that MCLA 600.225; MSA 27A.225, expressly limits the power of a municipal judge temporarily assigned to Recorder's Court, and that since these temporary judges are not judges of equal station with other Recorder's Court judges, the need for restriction upon intra-court review does not apply.

We granted leave to appeal on March 18, 1971, and summarily reversed the order of the Court of Appeals and remanded the cause to Recorder's Court. 384 Mich 819. Both parties, seeking clarification of the March 18th order, thereafter jointly filed motion for statement of reasons and grounds for decision. On June 16, 1971, we entered an order treating the motion as a motion for reconsideration and granted the same. The order for reversal and remand was vacated and appeal to this Court ordered to proceed in accordance with the Court Rules.

The people now agree with defendant that *Paille #1, supra,* was either erroneous or does not apply to this situation. They further contend that if *Paille #1* does apply, then the Court of Appeals was incorrect in holding that MCLA 600.225; MSA 27A.225, created an exception where a municipal judge was temporarily assigned to the Recorder's Court.

Both parties ask for the following relief:

1. Reverse the decision in *Paille #1,* or limit it to the facts there presented;

2. Adopt the dissenting opinion in *Paille #1.*

The people further ask that if we do not adopt the relief requested above that we reverse the Court of Appeals and affirm the ruling of Hon. Henry L. Heading, Recorder's Court Judge. They also seek clarification of the scope, meaning and applicability of *Paille #1.*

The basic issue in this case is whether MCLA 726.2; MSA 27.3552, as construed in *People* v *Paille #1, supra,* prevents a judge of the Recorder's Court of the City of Detroit, sitting as a trial judge, from reviewing the examining magistrate's action where the magistrate is an elected Recorder's Court judge, or a judge sitting by appointment of this Court.

In 1883 the Legislature by Local Act No 326, adopted a charter for the City of Detroit. Chapter 12 of this act continued a Recorder's Court for the City of Detroit.[2] Chapter 12, § 11, provides the jurisdiction of the Recorder's Court:

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State, for crimes, misdemeanors, and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city; and shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this State, within their respective jurisdictions, may, in like cases, issue and do by the laws of this State: *Provided,* That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments, as heretofore, for crimes and offenses committed within the limits of said city."

---

[2] The Recorder's Court for the City of Detroit was established by chapter 6 of the Detroit City Charter, 1857 PA 55. The police court of the City of Detroit was established by 1850 PA 301. For a discussion of the history of the Recorder's Court as a successor to the mayor's court, created in 1824, see *Moline* v *Judge of Recorder's Court of Detroit,* 238 Mich 78, 80–83 (1927).

The Legislature implemented the provision for creation of a police court by 1885 PA 161, and in section 10 of the act established its jurisdiction:

"The police court shall have original and exclusive jurisdiction to hear, try and determine all criminal cases wherein the crime, misdemeanor or offense charged shall have been committed within the corporate limits of the city of Detroit  *  *  *  which crime, misdemeanor or offense would be, now or hereafter, cognizable by a justice of the peace if the same had been committed in any other part of this State; to entertain, conduct and dispose of all preliminary examinations into crimes, misdemeanors and offenses which shall have been committed within the corporate limits of the city of Detroit, and which may, now or hereafter, be cognizable by the recorder's court of said city  *  *  *  ."

Thus, the Recorder's Court did not, at that time, have jurisdiction to hold preliminary examinations. However, by section 10 of 1919 PA 369, the Legislature abolished the police court,[3] and in section 9 of that act provided:

"Nothing in this act shall diminish the powers, duties or jurisdiction of any municipal court of record now existing, or of the members of said court, nor as altering the practice or procedure thereof except as herein otherwise provided, it being the intention that said court shall continue the same except as to the changes herein named."   MCLA 725.9; MSA 27.3949.

[3] 1919 PA 369 is found in MCLA 725.1–725.12; MSA 27.3941–27.3952.   MCLA 725.10; MSA 27.3950, provides: ·

"Any police court or other court of exclusive criminal jurisdiction and not of record existing in any city by virtue of any local or special acts shall immediately after this act becomes operative in any such city by virtue of the action of its legislative body, as herein provided, be abolished and discontinued, and all the powers, duties and jurisdiction thereof, including the holding of examinations and trials and the taking of bail, shall be. exercised and performed by such municipal court of record under the provisions of this act."

Hence, since 1919 the Recorder's Court has been a bifurcated court. It has all the functions the police court formerly had and also the functions of a circuit court. As our Court stated in *Moline* v *Judge of Recorder's Court of Detroit,* 238 Mich 78, 81 (1927):

"The merger of the police court with the recorder's court created a court with dual functions as distinct in purpose as formerly."

Likewise, our Court recognized these dual functions in *Attorney General, ex rel. Dickinson,* v *City Election Commission of the City of Detroit,* 202 Mich 626, 628 (1918); *People* v *Jones,* 220 Mich 633 (1922); *Detroit* v *Wayne Circuit Judge,* 233 Mich 356 (1925); and *Grosscup* v *Wayne Circuit Judge,* 233 Mich 362, 368 (1925).

Our Court has consistently recognized that the Recorder's Court is not inferior to the circuit court in felony trials. As we stated in *Detroit* v *Wayne Circuit Judge, supra,* 361:

"The legislature has the constitutional right to create any court and to vest it with whatever jurisdiction it pleases, provided only that it shall be inferior to the Supreme Court. In creating the recorder's court for the city of Detroit, it seems to have conferred upon it jurisdiction equal to the circuit court in cases involving the general criminal laws of the State."

In *Recorder's Court Judge* v *Wayne Circuit Judge,* 347 Mich 567 (1957), the Supreme Court issued a writ of prohibition preventing a circuit judge from reviewing a felony conviction entered by a Recorder's Court judge. The Court relied on *Detroit* v *Wayne Circuit Judge, supra,* for the holding that the Recorder's Court was equal to the cir-

cuit court in cases involving the general criminal laws of the state.

The statutory provisions also demonstrate the legislative intent that the Recorder's Court insofar as it deals with felony trials has co-equal status with the circuit court. Thus, MCLA 726.11; MSA 27-.3561, provides in part:

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this state, for crimes, misdemeanors, and offenses arising under the laws of this state, and committed within the corporate limits of the city of Detroit, * * * and especially to issue all writs and process, and to do all acts which the circuit courts of this state, within their respective jurisdictions, may, in like cases, issue and do by the laws of this state * * * ."[4]

MCLA 726.17; MSA 27.3567, provides:

"The judge of said recorder's court shall possess the same power to grant writs of habeas corpus, returnable before himself, and to adjudicate thereon, and do all acts in vacation touching any suit or proceeding in said court, as is now, *or may be possessed by the judges of the circuit courts of the state,* in matters before said circuit courts." (Emphasis added.)

MCLA 726.24; MSA 27.3574, provides:

"All proceedings of the recorder's court at any time before or after final judgment or sentence may be reviewed, *in the same manner that like circuit court proceedings may be reviewed,* and the court to which the review is taken shall proceed to an

---

[4] In *People* v *Rosa*, 382 Mich 163 (1969), the Supreme Court relied on MCLA 726.11; MSA 27.3561, and held that the Recorder's Court has power to pass on a motion for a return of money illegally seized in the same manner as a circuit court would, if the offense occurred inside the City of Detroit.

adjudication in the same manner as on proceedings from the circuit courts." (Emphasis added.)

It is undisputed that a circuit judge may consider a motion to dismiss after the defendant has been bound over for trial. As we stated in *People* v *Karcher*, 322 Mich 158, 162 (1948):

"There can be no doubt, and the people do not dispute defendant's contention, that a circuit court has jurisdiction to consider a motion to dismiss a criminal case after the defendant has been bound over to that court upon preliminary examination by the examining magistrate. 3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016); *Barnard* v. *Judge of Superior Court of Grand Rapids*, 199 Mich. 227 [1917]; *People* v. *Rice*, 206 Mich. 644 [1919]."

Moreover, it was held that before the 1919 enactment, a municipal court judge could review a decision of an examining magistrate. *Barnard* v *Judge of Superior Court*, 199 Mich 227 (1917). Thus, since the Recorder's Court judge sitting on a felony trial has the same power as a circuit court judge, and since 1919 PA 369 did not decrease the powers of a municipal court judge to review an examining magistrate's decision,[5] the trial court did have the power to pass on defendant's motion to quash the information.

Neither *People* v *Paille #1, supra,* nor MCLA 726.2; MSA 27.3552, require a different result. MCLA 726.2; MSA 27.3552, provides in part:

"[N]o judge of said court shall review or revise any order, judgment, sentence or act of any other judge of said court, involving the personal discretion, judgment or opinion of such other judge."

After an examining magistrate in Recorder's Court has bound the defendant over for trial, the

---

[5] MCLA 725.9; MSA 27.3949.

trial judge in Recorder's Court is sitting as a circuit judge. He is passing on a new motion before him, and not reviewing the decision of a judge of an equivalent rank. *People* v *Paille #1, supra,* held that where the examining magistrate in Recorder's Court dismissed the complaint, the prosecutor could not appeal to the Presiding Judge of Recorder's Court. In that situation, the prosecutor's motion was an attempt to induce one Recorder's Court judge to exercise general powers of superintending control over another Recorder's Court judge. MCLA 726.2; MSA 27.3552, was designed to prevent that result. Once the case against the defendant was dismissed by the examining magistrate, there was no action pending in Recorder's Court. The remedy is for the prosecutor to commence a new civil action for superintending control, which must be done in the circuit court. The rule in *Paille #1, supra,* is thus limited to situations where the examining magistrate dismisses the complaint and does not apply in those instances where a defendant has been bound over by an examining magistrate for trial.

The Court of Appeals is affirmed and the cause is remanded to the Recorder's Court for further proceedings consistent with this opinion.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.