GRAY v RECORDER'S COURT JUDGES

1. COURTS—RECORDER'S COURT—CIRCUIT COURT—JURISDICTION—CRIM-
   INAL LAW—STATE CRIMINAL LAW.
   The Recorder's Court of the City of Detroit is not inferior in its
   jurisdiction over state criminal cases to the jurisdiction of the
   circuit court.

2. COURTS—RECORDER'S COURT—CIRCUIT COURT—JURISDICTION—CRIM-
   INAL LAW—CITY ORDINANCES.
   The Recorder's Court of the City of Detroit is a city court and
   inferior to the circuit court when trying charges under city
   ordinances.

3. COURTS—RECORDER'S COURT—CIRCUIT COURT—JURISDICTION—SU-
   PERINTENDING CONTROL—STATE CRIMINAL LAW.
   A circuit court did not have jurisdiction in a case where plaintiffs
   sought a writ of superintending control in the circuit court
   regarding convictions received in Recorder's Court of the City
   of Detroit under state misdemeanor law because when the
   recorder's court applies state criminal law, the circuit court
   does not have general supervisory jurisdiction over the record-
   er's court actions (MCLA 600.308[1]; GCR 1963, 801.3[1]).

4. COURTS—RECORDER'S COURT—CRIMINAL LAW—STATE CRIMINAL
   LAW—APPEAL AND ERROR—JURISDICTION.
   Jurisdiction of appeals from Recorder's Court of the City of
   Detroit for state law criminal convictions is in the Court of
   Appeals and not the circuit court since recorder's court is not
   an inferior court to the circuit court in state criminal prosecu-
   tions (MCLA 600.308[1]).

Appeal from Wayne, Joseph A. Moynihan, Jr., J.
Submitted Division 1 November 9, 1973, at De-
troit. (Docket No. 15266.) Decided January 18,
1974.

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 20 Am Jur 2d, Courts §§ 26, 103.

Complaint by William H. Gray and Jimi Jay Madison, for themselves and all other persons similarly situated, against Joseph A. Gillis, Presiding Judge of Recorder's Court of the City of Detroit, and certain visiting judges of recorder's court for superintending control. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

Wayne County Neighborhood Legal Services, by *Neal Bush, Thomas M. Meyer,* and *Geoffrey S. Taft (Alan W. Houseman* and *Robert L. Reed,* Michigan Legal Services Assistance Program, of counsel), for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, *Robert D. McClear,* Chief Assistant Corporation Counsel, and *John E. Cross* and *Maureen P. Reilly,* Assistants Corporation Counsel, for defendants.

Before: LESINSKI, C. J., and FITZGERALD and CARLAND,* JJ.

PER CURIAM. Plaintiffs instituted a class action on behalf of all indigent persons convicted since June 13, 1972, of misdemeanor offenses committed within the City of Detroit, which carry a penalty of not more than 3 months in jail and/or a fine of not more than $100. The individually-named plaintiffs were convicted of one such misdemeanor during July 1972.

The plaintiffs claim that the defendant judges, acting in their judicial capacity as magistrates in Recorder's Court, have denied plaintiffs their constitutional rights by failing to advise them of their right to counsel, their right to jury trial, the ramifications of whatever plea they have made,

_____

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and their privilege against self-incrimination, by failing to follow the mandates of GCR 1963, 785 concerning the taking of guilty pleas, and by generally failing to follow established procedural practice, case law, and constitutional guidelines in criminal cases.

Plaintiffs requested the Wayne County Circuit Court to issue an order of superintending control granting all their requests for relief, including a request for an order to the defendants to reverse all convictions of all indigents that have occurred in misdemeanor court since June 13, 1972, and a request for an order to the defendants to fully comply with the applicable criminal procedural rules. The circuit judge denied the request for an order of superintending control August 30, 1972, and in granting defendants' motion for an accelerated judgment held:

"a) That the Wayne Circuit Court has no authority to order any of the named defendants to reverse convictions and terminate incarcerations of indigents convicted in the Recorder's Court, Misdemeanor Division;

"b) That the Court of Appeals is the proper Court to determine whether a person is properly convicted in the Recorder's Court, Misdemeanor Division;

"c) That the Supreme Court of Michigan Administrative Order, dated July 27, 1972, covers the subject matter of relief requested by plaintiffs in paragraph 3(c), page 11, of the Complaint;

"d) That the Wayne Circuit Court has no general supervisory or regulatory authority over the practices and procedures of the Recorder's Court, Misdemeanor Division;

"e) That the Wayne Circuit Court has no jurisdiction over the subject matter or the persons defendant as alleged in the Complaint filed in this cause."

Plaintiffs filed a claim of appeal with this Court.

The defendants raise and discuss the issue of

whether plaintiffs' grievances have been mooted by the Supreme Court's administrative order of July 27, 1972, 387 Mich xxx, ordering misdemeanor courts to comply with *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972), and its holding that criminal defendants threatened with imprisonment of any duration have a right to appointed counsel. Contrary to defendants' contentions, it does not render moot all the claims made by the plaintiffs. It deals only with the right to counsel. It does not deal with the allegations made by the plaintiffs that the misdemeanor magistrates were not complying with GCR 1963, 785, or were not advising the plaintiffs of their full spectrum of constitutional rights. The contention that the case is moot is without merit.

We are met by the question of whether the Circuit Court of Wayne County has general supervisory authority over the practices and procedures of the misdemeanor magistrates of the Recorder's Court of the City of Detroit.

Plaintiffs argue that when a judge of the recorder's court is acting as a magistrate, he is subject to the superintending control of the Wayne County Circuit Court. *Wayne County Prosecuting Attorney v Recorder's Judge,* 27 Mich App 419; 183 NW2d 577 (1970). Only when a recorder's court judge is sitting as an equal to a circuit judge is the circuit judge without supervisory jurisdiction. *People v Cason,* 387 Mich 586; 198 NW2d 292 (1972). Defendants counter by stating that the circuit judge's supervisory control in this case is not a general one, but a specific one in the nature of certiorari, mandamus, and prohibition. *Cason, supra.* Since the recorder's court is coequal, it is not an inferior tribunal for the purpose of the circuit court's supervisory control. *Pressley v Wayne*

*County Sheriff,* 30 Mich App 300; 186 NW2d 412 (1971).

It is well settled that the Recorder's Court of the City of Detroit is not inferior in its jurisdiction over *state* criminal cases to the jurisdiction of the circuit court. *Detroit v Wayne Circuit Judge,* 233 Mich 356; 206 NW 582 (1925); *Recorder's Court Judge v Wayne Circuit Judge,* 347 Mich 567; 80 NW2d 481 (1957); *People v Cason,* 387 Mich 586, 592–593; 198 NW2d 292, 295–296 (1972); *Pressley v Wayne County Sheriff,* 30 Mich App 300; 186 NW2d 412 (1971).

However, it has been held that when the recorder's court is trying charges under city ordinances, it is a city court and inferior to the circuit court. *Detroit v Wayne Circuit Judge, supra. Cason, supra,* at pp 592–593, explicitly recognized this bifurcated jurisdiction of the recorder's court.

If plaintiffs sought a writ of superintending control in the circuit court over Detroit city ordinance convictions, therefore, the circuit court might properly have jurisdiction, as the recorder's court would be an inferior tribunal. GCR 1963, 711; *Pressley, supra; Swift v Wayne Circuit Judges,* 64 Mich 479, 487; 31 NW 434, 437 (1887). Significantly, MCLA 600.308(1); MSA 27A.308(1), outlining the appellate jurisdiction of the Court of Appeals, specifically states that:

"Appeals from final judgments from all other courts and from convictions for *ordinance violations* in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court of appeals." (Emphasis supplied.)

GCR 1963, 801.3(1). The named plaintiffs do not

assert that they were convicted of city ordinance violations, however, but rather that they were convicted under state misdemeanor law. The balance of the class of unnamed indigent plaintiffs if "similarly situated" must also be deemed to have been convicted under state law. Since the cases make clear that when the recorder's court applies state criminal law the Wayne County Circuit Court does not have general supervisory jurisdiction over the recorder's court actions, the circuit judge here properly held he did not have jurisdiction over plaintiffs' cause of action.

Plaintiffs make one significant objection to the above conclusion. They claim that because MCLA 600.225(2); MSA 27A.225(2) limits the role of a municipal judge, sitting as a visiting judge in recorder's court, to that of a judge acting only in a magisterial capacity, once there has been a trial and conviction before the magistrate, the holdings of *People v Paille #1,* 383 Mich 605; 178 NW2d 469 (1970), and *Cason, supra,* permit an action by convicted defendants for superintending control in the circuit court.

All persons charged with misdemeanor offenses (committed within the city limits of Detroit) with 3 month/$100 maximum penalties are tried, if a jury is waived, before a misdemeanor magistrate in recorder's court. At all times relevant to this suit, the misdemeanor magistrates involved had been municipal judges assigned to the recorder's court.

Plaintiffs, however, misread *Paille* and *Cason. Paille* held (as was later explained in *Cason)* that after an examining magistrate in recorder's court has dismissed a complaint, the prosecutor could not appeal the dismissal to the presiding judge of recorder's court, because this would violate the

prohibition on intra-court review set out in MCLA 726.2; MSA 27.3552. Once the action is dismissed by the magistrate, the prosecutor's remedy is to commence a new civil action for superintending control in the circuit court. In *Cason,* on the other hand, the Supreme Court held that once the examining magistrate had bound the defendant over for trial, the recorder's court had all the powers of a circuit court and did have jurisdiction to hear a defendant's motion to quash the information, without violating the prohibition against intra-court review contained in MCLA 726.2; MSA 27.3552. Plaintiffs assert that, as in *Paille,* there is no longer any recorder's court case pending here, and, therefore, the proper way to seek redress of their grievances is to start a new civil action for superintending control in the circuit court. However, this thesis ignores the strong language of *Cason,* reiterating the rule that recorder's court is not an inferior court to the circuit court in state criminal prosecutions. See, also, *Pressley, supra.* It also ignores the statutory language of MCLA 600.308(1); MSA 27A.308(1), which places jurisdiction of appeals from recorder's court for state law criminal convictions in the Court of Appeals, and which clearly suggests that the recorder's court is not an inferior court to the circuit court in state criminal prosecutions.

The circuit court is affirmed.