WAYNE COUNTY PROSECUTING ATTORNEY
*v.*
RECORDER'S JUDGE

1. MANDAMUS—SUPERINTENDING CONTROL—EXAMINING MAGISTRATE—
   CRIMINAL LAW—COURT OF APPEALS—CIRCUIT COURTS—JURISDIC-
   TION.
   The Court of Appeals declines to entertain a complaint for an
   order of superintending control brought to review an exercise
   of discretion by an examining magistrate because policy dic-
   tates that a complaint for that relief be filed in circuit court.

2. MANDAMUS—CIRCUIT COURTS—SUPERINTENDING CONTROL—INFER-
   IOR COURTS—STATUTES—COURT RULES.
   Circuit courts have jurisdiction to issue superintending control
   orders to inferior courts and tribunals (MCLA § 600.615; GCR
   1963, 711.4[1]).

3. MANDAMUS — SUPERINTENDING  CONTROL — MUNICIPAL  JUDGE —
   EXAMINING MAGISTRATE — RECORDER'S COURT.
   A municipal judge serving as examining magistrate in Recorder's
   Court is subject to the superintending control of the Wayne
   County Circuit Court.

4. MANDAMUS—SUPERINTENDING CONTROL—EXAMINING MAGISTRATE—
   RECORDER'S COURT.
   Any concurrence or equality of status between judges of the
   Recorder's Court and judges of the Wayne County Circuit
   Court does not operate to prevent the judges of the Wayne
   County Circuit Court from reviewing actions of Recorder's
   Court judges acting in a magisterial capacity.

Original action in the Court of Appeals.  Sub-
mitted Division 1 October 13, 1970, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 52 Am Jur 2d, Mandamus §§ 306, 368.
[2] 52 Am Jur 2d, Mandamus §§ 302–304.

(Docket No. 9,993.) Decided October 27, 1970. Leave to appeal denied December 1, 1970. 384 Mich 785.

Complaint by the Wayne County Prosecutor for an order of superintending control against James N. McNally, III, a municipal judge acting as an examining magistrate in the Recorder's Court of Detroit, to review the binding over of Arville Douglas Garland on a charge of murder in the second degree rather than murder in the first degree, as charged in the complaint and warrant. Complaint dismissed.

*William L. Cahalan,* Prosecuting Attorney, and *Dominick R. Carnovale,* Chief, Appellate Department, for the plaintiff.

*Oliver C. Nelson,* for Arville Garland.

Before: McGregor, P. J., and Quinn and Bronson, JJ.

Per Curiam. Plaintiff seeks relief from an order of a municipal judge who, while acting as an examining magistrate in Recorder's Court by direction of the Supreme Court pursuant to MCLA § 600.225 (Stat Ann 1970 Cum Supp § 27A.225), bound an accused over for trial on a charge of murder in the second degree, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549), rather than murder in the first degree, MCLA § 750.316 (Stat Ann 1954 Rev § 28.548), as charged in the complaint and warrant. The people request this Court to exercise superintending control and remand the case to the magistrate and order him to perform his alleged duty to bind the accused over for trial on the original charge.

We decline to entertain a complaint for an order of superintending control brought to review an exercise of discretion by an examining magistrate because policy dictates that such a complaint be filed in circuit court.  *People* v. *Flint Municipal Judge* (1970), 383 Mich 429.

It is clear that circuit courts have jurisdiction to issue superintending control orders to inferior courts and tribunals.  MCLA § 600.615 (Stat Ann 1962 Rev § 27A.615), GCR 1963, 711.4(1).

The municipal judge in this case was acting in a magisterial capacity in Recorder's Court and, hence, is subject to the superintending control of the Wayne County Circuit Court.  MCLA § 600.615 (Stat Ann 1970 Cum Supp § 27A.615).  Elected Recorder's Court judges acting in a magisterial capacity are subject to the same superintending control.  *People v. Paille #1* (1970), 383 Mich 605.

Any concurrence or equality of status between judges of the Recorder's Court and judges of the Wayne County Circuit Court does not operate to prevent the latter from reviewing action of Recorder's Court judges acting in a magisterial capacity.  The statutory prohibition, considered in *Paille #1,* against one Recorder's Court judge reviewing or revising an act of another judge of that court, applies "intra-court" only.  383 Mich at p 607.  Further evidence of the fact that Wayne County Circuit Court judges can review Recorder's Court judges' actions of magisterial character is PA 1968, No 116 which directs appeals from final judgments on ordinance violations in the Traffic and Ordinance Division of Recorder's Court to circuit court.  MCLA § 600.308 (Stat Ann 1970 Cum Supp § 27A-.308).

Complaint for an order of superintending control and motion for order to show cause are dismissed.