POLLARD v BERRIEN CIRCUIT JUDGE

1. COURTS—JURISDICTION—SUPERVISORY CONTROL—CONSTITUTIONAL LAW.

   The Constitution of 1963 vests the circuit courts with appellate jurisdiction and "supervisory and general control over inferior courts", and the district court system is an "inferior court" (Const 1963, art 6, § 13).

2. JUDGES—SUPERINTENDING CONTROL—PARTIES—STANDING.

   A district court judge is not an aggrieved party where an action in the district court has been permanently enjoined by an order of the circuit court, and therefore lacks standing to maintain an action for writ of superintending control challenging the order of the circuit court.

Original action in the Court of Appeals. Submitted Division 3 July 5, 1972, at Lansing. (Docket No. 14099.) Decided July 31, 1972.

Complaint by Paul Pollard, Judge of the Fifth District Court, against William S. White, Judge of the Second Circuit, for an order of superintending control. Order denied.

*Hartwig, Crow & Jones* and *Keller, Keller & Creager,* for plaintiff.

*Klute, Stone & Campbell, for defendant.*

Before: QUINN, P. J., DANHOF and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts §§ 28, 111–117.

PER CURIAM. At the conclusion of a preliminary examination conducted in the Fifth District Court an order was entered dismissing the felony complaint which had been filed against one Dorothy Broz. Thereafter District Court Judge Paul Pollard entered an order directing the return of property seized from Mrs. Broz at the time of her arrest. When the Berrien County Prosecutor failed to comply, Mrs. Broz sought and obtained a district court order to show cause why the prosecutor should not be held in contempt. At the request of the prosecutor, Berrien County Circuit Court Judge William S. White issued an order dated April 7, 1972, permanently enjoining the hearing in district court on the show cause. Presently before this Court is a complaint for writ of superintending control filed by Judge Pollard challenging the order of the circuit court.

Neither party having a real interest in this controversy is represented before this Court. Art 6, § 13 of the Michigan Constitution of 1963 vests the circuit courts with appellate jurisdiction and " * * * supervisory and general control over inferior courts * * * ". The district court system is an "inferior" court. There is something shockingly inconsistent with the notion of impartiality in a judicial system when judges of inferior jurisdiction are permitted to enter the adversary arena to challenge adverse orders of a court of superior jurisdiction. It is the conclusion of this Court that the district court judge is not an aggrieved party in this case and therefore, lacks standing to commence this action.

The complaint for superintending control is denied.