SAKAS v SAVOIE

1. EVIDENCE—FORMER RECORDED TESTIMONY—ADMISSIBILITY—AVAILA-
   BILITY OF WITNESS.
   Former recorded testimony of a witness in a criminal proceeding
   is not admissible in a later civil action where the witness,
   although subpoenaed, merely refused to appear and testify in
   the civil proceeding and was within the range of court process.

2. WITNESSES—SUBPOENAS—ENFORCEMENT—COURTS.
   The integrity of the court is vested in a subpoena it issues to a
   witness, and it is incumbent upon the proponent and the court
   to take all reasonable steps to enforce the subpoena; the court
   has the power to issue a bench warrant, or it can exclude a
   transcript of former testimony of the same witness.

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 March 7, 1974, at Detroit.
(Docket No. 17097.) Decided May 1, 1974.

Complaint by Tessie Sakas against Jon G. Savoie
for damages resulting from an automobile colli-
sion. Judgment for plaintiff in Common Pleas
Court. Defendant appealed. Affirmed. Defendant
appeals by leave granted. Reversed and remanded
for new trial.

*Hurwitz & Karp,* for plaintiff.

*Rouse, Selby, Dickinson, Pike & Mourad* (by
*David R. Tuffley),* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 758.
   Claim of privilege by a witness as justifying the use in criminal
   case of his testimony given on a former trial or preliminary
   examination. 45 ALR2d 1354.
[2] 17 Am Jur 2d, Contempt §§ 28, 39, 44, 51.

Before: DANHOF, P. J., and BRONSON and R. E. A. BOYLE,* JJ.

BRONSON, J. On January 7, 1970, shortly after noon, an automobile collision occurred at the intersection of Telegraph and Joy Road in the City of Dearborn Heights. Plaintiff, Tessie Sakas, was driving one car and defendant, Jon Savoie, the other. Plaintiff was injured as a consequence of the collision.

Trial was had in the Common Pleas Court, City of Detroit, and the jury returned a verdict for plaintiff. Defendant appealed to the circuit court raising one issue, as here, and the circuit court affirmed. We granted leave to appeal on July 20, 1973, from this decision.

The sole issue for our review is whether the former recorded testimony of a witness in a criminal proceeding (traffic court) is admissible in a later civil action where the witness, although subpoenaed, merely refused to appear and testify in the civil proceeding and was within the range of court process.[1]

At trial the evidence was conflicting. Plaintiff claimed defendant ran a red light and defendant asserted the contrary. The witness, whose former testimony was admitted, apparently observed the collision from a service station at the intersection. He testified, in the traffic proceeding against plaintiff, that the light was green for the plaintiff and red for the defendant.

A subpoena was issued for the witness to testify in the civil proceeding. He refused to appear. His

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Because this issue is dispositive of the appeal we express no opinion upon the defendant's further argument that there was neither identity of parties nor adequate opportunity for cross-examination in the prior proceeding.

refusal was evidence to the proponent prior to the time his testimony was to be used.

When the court issues a subpoena the integrity of the court is vested in the subpoena. It is incumbent upon the proponent and the court to take all reasonable steps to enforce the subpoena. A mere request, even if by the court, is insufficient. The court has the power to issue a bench warrant. The court can alternatively exclude the transcript of the former testimony. The failure to enforce the court's process or exclude the testimony was error. A new trial is required.

Reversed and remanded for a new trial. Costs to appellant.

All concurred.