PEOPLE v KERWIN

1. DRUGS AND NARCOTICS—STATUTES—CONTROLLED SUBSTANCES ACT—
    PHYSICIANS—PRESCRIPTIONS.

    A section of the Controlled Substances Act which prohibits a
    person from manufacturing, delivering or possessing with in-
    tent to manufacture or deliver a controlled substance does not
    forbid the writing of prescriptions for controlled substances by
    a physician authorized under the act to prescribe such sub-
    stances (MCLA 335.307[3] [a], 335.332[2], 335.341[1] [b]).

2. DRUGS AND NARCOTICS—STATUTES—CONTROLLED SUBSTANCES ACT—
    PHYSICIANS—PRESCRIPTIONS—ACCEPTED MEDICAL PRACTICE.

    There is no provision in the Controlled Substances Act which
    dictates the manner in which a licensed physician may pre-
    scribe controlled substances; therefore even though a defendant
    physician possibly did not act in accordance with accepted
    medical practice by writing prescriptions without first conduct-
    ing a physical examination of the patient and by writing a
    prescription for one who did not appear personally at the
    doctor's office, such action does not constitute a violation of the
    Controlled Substances Act (MCLA 335.301 *et seq.*).

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 October 14,
1974, at Detroit. (Docket Nos. 19002, 19003.) De-
cided November 7, 1974. Leave to appeal denied,
393 Mich —.

William V. Kerwin was charged on two separate
counts of violation of the Controlled Substances
Act. From denial of his motion to quash the infor-
mation, defendant appeals by leave granted. Re-
versed and remanded.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 20.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert W. Horn,* Assistant Prosecuting Attorney for the people.

*Perlman, Garber & Holtz* (by *Martin Bordoley),* for defendant.

Before: BRENNAN, P. J., and T. M. BURNS and CARLAND,*, JJ.

T. M. BURNS, J. This is an interlocutory appeal granted by this Court on February 15, 1974. Defendant has been charged with violation of § 41(1)(b) of the Controlled Substances Act. MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). He appeals from an order of the Recorder's Court denying his motion to quash the information.

Defendant is a 76-year-old licensed physician who has been practicing medicine in the City of Detroit for nearly half a century. He is charged on two separate counts of violation of the aforementioned statute. Preliminary examinations were held in Recorder's Court on June 20 and 21, 1973.

Testimony at the June 20, 1973, preliminary examination disclosed that on March 22, 1973, officer Robert Ulieru visited defendant's office under the pseudonym of Gregory Wilson. Defendant inquired as to whether he had ever treated him before, and the witness stated that he had previously been to the doctor's office in 1972. Defendant further inquired as to the reason for the witness's visit and was requested to issue a prescription for Desoxyn (a diet pill) and one for Seconal (a seda-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tive). Defendant asked the witness if he had ever used these drugs before, and the witness replied that he had.

The officer then testified that he also requested a Seconal prescription for his girlfriend and that he told the defendant the reason she needed the pills was because she was "high-strung" and sometimes had trouble sleeping. The defendant wrote the prescriptions as requested and gave them to the witness. He charged the officer $14 for that visit.

At the June 21, 1973, preliminary examination, officer Donald Hollifield, an employee of the Department of Licensing and Regulation of the State of Michigan, testified that on March 23, 1973, he went to the defendant's office under the pseudonym of Ray Kent. When asked by the defendant if he had ever been treated by him before, he replied that he had been to the defendant's office in October of 1972. He asked the defendant to write him a prescription for Desoxyn and one for Tuinal (a sedative). The witness also requested a Tuinal prescription for his wife, telling the defendant that she was having trouble sleeping. Defendant wrote the prescriptions as requested, gave them to the witness, and charged him $11 for that visit.

At the conclusion of the preliminary examinations, the examining magistrate bound the defendant over for trial on both counts. The defendant filed a motion to quash the information claiming that the prosecution had failed to show any violation of § 41 of the Controlled Substances Act. The motion to quash was denied by the trial court; and as already stated, we granted defendant leave to take an interlocutory appeal from that denial.

The sole meritorious issue raised on appeal is whether the examining magistrate erred in holding that a crime had been committed and by

binding defendant over for trial. Defendant so claims and seeks an order reversing the trial court's denial of his motion to quash the information.

The information filed[1] in the instant case charged defendant with:

"being a person licensed as required under the provisions of the Controlled Substances Act WILLIAM V. KERWIN, did unlawfully issue deliver and dispense two prescriptions in the name of GREGORY WILSON for 18 Tablets of Desoxyn Gradumets 15 mg and 18 Capsules of Seconal 1-1/2 Grain and one prescription in the name of MARY KIRBY for Seconal 1-1/2 Grain 18 Capsules to ROBERT D. ULIERU and in so unlawfully issuing delivering and dispensing said prescriptions for Desoxyn a Methamphetamine under Schedule 2 of the Controlled Substances Act and Seconal under Schedule 3 of the Controlled Substances Act, and in so doing he, the said WILLIAM V. KERWIN, did not act in the ordinary course of professional medical practice in the State nor did he do so for legitimate medical purposes, contrary to Sec. 335.341, Sub. Sec. 16(c)."

Thus we see that the actual charge against the defendant is that:

"WILLIAM V. KERWIN did not act in the ordinary course of professional medical practice in the State nor did he do so for legitimate medical purposes, contrary to Sec. 335.341 * * * ."

The pertinent part of § 41, MCLA 335.341; MSA 18.1070(41) provides as follows:

"(1) Except as authorized by this act, it is unlawful for any person to manufacture, deliver or possess with

---

[1] The second information filed against the defendant is identical to that quoted above with the only exception being that officer Donald Hollifield was the party to whom defendant delivered the prescriptions, and that Tuinal was the second drug given to Hollifield rather than Seconal.

intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:
" * * *

"(b) Any other controlled substance classified in schedules 1, 2 or 3, except marihuana, is guilty of a felony and upon conviction may be imprisoned for not more than 7 years or fined not more than $5,000, or both."

Section 32(2), MCLA 335.332(2); MSA 18.1070(32) provides in relevant part:

"(2) Persons registered by the administrator under this act to manufacture, distribute, prescribe, dispense or conduct research with * * * those substances to the extent authorized by their registration and in conformity with the other provisions of this chapter."

It is not disputed that the defendant is a physician within the meaning of § 7(3)(a), MCLA 335.307(3)(a); MSA 18.1070(7)(3)(a) and that, therefore, under the provisions of § 32(2), *supra,* he may prescribe controlled substances to the extent authorized by his registration.

Defendant has been charged with violating MCLA 335.341; MSA 18.1070(41), *supra.* That section only prohibits any person from manufacturing, delivering or possessing with intent to manufacture or deliver a controlled substance. The section does not forbid the writing of prescriptions for controlled substances by a physician authorized under the act to prescribe such substances.

Furthermore, neither MCLA 335.341; MSA 18.1070(41) nor any other section of the act contains any provision dictating the manner in which a licensed physician may prescribe controlled substances. Nowhere in the act is there a prohibition against the prescribing of controlled substances by

a licensed physician without his first having conducted a physical examination of the patient. There is also no provision in the act which forbids the writing of a prescription for one who does not appear personally at the doctor's office.

It is quite possible that the defendant in this case did not act in accordance with accepted medical practice by writing the prescriptions in question. However, even though this may be true, such action does not constitute a violation of MCLA 335.341; MSA 18.1070(41) or of any other section of the Controlled Substances Act.

The examining magistrate erred in holding that a crime had been committed and by binding defendant over for trial. Defendant's motion to quash should have been granted.

Having resolved this issue in defendant's favor, we find it unnecessary to consider defendant's entrapment argument.

Reversed and remanded.