PEOPLE v POLK

CRIMINAL LAW—SUPERINTENDING CONTROL—JURISDICTION—PROCE-
   DURE—PRELIMINARY EXAMINATION—REVIEW—CIVIL COMPLAINT.
   The proper and exclusive remedy for review of a magistrate's
   determination to discharge an accused at the conclusion of a
   preliminary examination is by means of filing an original civil
   complaint in circuit court for an order of superintending con-
   trol.

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 February 11,
1975, at Detroit. (Docket No. 19743.) Decided Feb-
ruary 25, 1975.

John E. Polk was charged with violation of the
Controlled Substances Act. From an order of the
magistrate dismissing the complaint and warrant
and discharging the defendant, the people appeal.
Appeal dismissed for lack of jurisdiction.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Angelo A. Pentolino,* Assistant Prosecuting Attor-
ney, for the people.

*Marshall C. Hill,* for defendant on appeal.

Before: LESINSKI, C. J., and BASHARA and N. J.
KAUFMAN, JJ.

REFERENCES FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 117.
Superintending control over inferior tribunals. 112 ALR 1351.

PER CURIAM. Dr. John E. Polk was arrested in the City of Detroit for violation of the Controlled Substances Act, MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). On February 4, 1974, Recorder's Court Judge John R. Murphy, sitting as an examining magistrate, dismissed the complaint and warrant, and discharged defendant. The people filed a claim of appeal in this Court. We conclude that the claim of appeal was improvidently accepted, and the appeal must be dismissed for lack of jurisdiction.

The proper and exclusive remedy for review by the people of a magistrate's determination to discharge an accused at the conclusion of a preliminary examination is by means of filing an original civil complaint for an order of superintending control, which must be filed in circuit court. See *People v Flint Municipal Judge,* 383 Mich 429, 431–432; 175 NW2d 750, 751–752 (1970), *People v Paille #1,* 383 Mich 605; 178 NW2d 469 (1970), *People v Cason,* 387 Mich 586; 198 NW2d 292 (1972), *Wayne County Prosecuting Attorney v Recorder's Court Judge,* 27 Mich App 419; 183 NW2d 577 (1970), and *Gray v Recorder's Court Judges,* 51 Mich App 386, 391–392; 215 NW2d 198, 201–202 (1974). Accordingly, this appeal must be dismissed.

We note in passing that the main question sought to be decided by the people in this appeal has been settled contrary to the position of the people in *People v Kerwin,* 56 Mich App 483; 224 NW2d 113 (1974).

Appeal dismissed.