WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

APPEAL AND ERROR—COURTS—SUPERINTENDING CONTROL—JUDGES—
COURT RULES.

A recorder's court judge has no standing to appeal an order of superintending control which directs him to bind two persons over for trial because the judge is only a nominal defendant in the action for superintending control and is not an "aggrieved party" who may appeal pursuant to court rule (GCR 1963, 806.1).

Appeal from Wayne, Joseph A. Sullivan, J. Submitted December 8, 1975, at Lansing. (Docket No. 23568.) Decided December 10, 1975.

Complaint by the Wayne County Prosecuting Attorney against Clarence Laster, Jr., Recorder's Court Judge, for an order of superintending control directing defendant to bind two persons over for trial. The order of superintending control was issued. Judge Laster appeals. Appeal dismissed for lack of jurisdiction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 111 *et seq.*
Superintending control over inferior tribunals. 112 ALR 1351.

Before: DANHOF, P. J., and QUINN and R. B.
BURNS, JJ.

PER CURIAM. At the conclusion of the prelimi-
nary examination on the charge of possession of
heroin in the Recorder's Court, Judge Clarence
Laster, Jr., Recorder's Court Judge, acting in his
capacity as a magistrate, dismissed the case
against Frank and Ruth Ann Russo. Judge Laster
had determined that a previously issued search
warrant was defective and that, therefore, proba-
ble cause did not exist to bind the Russos over for
trial. The Wayne County Prosecutor's office filed a
complaint for superintending control in the Wayne
County Circuit Court pursuant to *Gray v Record-
er's Court Judges,* 51 Mich App 386; 215 NW2d
198 (1974), *People v Paille #1,* 383 Mich 605; 178
NW2d 469 (1970), *Wayne County Prosecuting At-
torney v Recorder's Judge,* 27 Mich App 419; 183
NW2d 577 (1970), and *People v Cason,* 387 Mich
586; 198 NW2d 292 (1972). On March 6, 1975, the
Wayne County Circuit Court issued an order of
superintending control ordering that the Record-
er's Court Magistrate, Judge Laster, bind Frank
and Ruth Ann Russo over for trial on the charges
contained in the complaint and warrant that had
been previously filed. Judge Laster has filed a
claim of appeal in this Court from the order of the
Wayne County Circuit Court. The Plaintiff, the
People of the State of Michigan, now asks this
Court to dismiss the appeal for lack of jurisdiction
raising two issues, one of which is dispositive of
this matter.

Is a judge, who was the nominal defendant in
the circuit court, an aggrieved party before this
Court, pursuant to GCR 1963, 806.1, who has
standing to appeal an order of superintending
control issued by the circuit court? The answer is
no and plaintiff's motion to dismiss is granted.

This Court had a similar, but not identical situation, before this Court in *Pollard v Berrien Circuit Judge,* 42 Mich App 308; 201 NW2d 646 (1972). The "aggrieved party" question in *Pollard, supra,* involved an original proceeding of superintending control filed in this Court by a district judge complaining of various actions taken by a circuit judge. In *Pollard, supra,* this Court stated that the parties, both judges, had no real interest in the controversy. The spectre of a judge entering the adversary arena to challenge adverse orders of another judge was specifically and emphatically disapproved.

While *Pollard, supra,* involved an original proceeding filed with this Court, the philosophy and reasoning behind *Pollard, supra,* are equally applicable to the instant appeal. GCR 1963, 806.1 provides that an aggrieved party has a right to appeal from all final judgments and final orders of a circuit court. In the instant case, the Recorder's Court Judge, acting as a magistrate, cannot claim any interest or right of the judge that is aggrieved. The judge is neither the winner nor the loser but must remain impartial in theory and in fact. This Court concludes that the defendant judge is not an "aggrieved party" pursuant to GCR 1963, 806.1, and, therefore, has no right to file or maintain this appeal. Appeal dismissed for lack of jurisdiction.