PEOPLE v RICE

Docket No. 78-2879. Submitted March 14, 1979, at Detroit.—Decided July 23, 1979.

Theodore Rice, D.O., was charged with two counts of delivery of a controlled substance. Defendant moved to quash the information claiming that a physician dispensing controlled substances cannot be prosecuted for delivery under the Controlled Substances Act in effect in 1977. The Wayne Circuit Court, Victor Baum, J., granted defendant's motion to dismiss. The prosecution appeals as of right. *Held:*

A physician dispensing controlled substances can be prosecuted for unlawful delivery of a controlled substance where the act of dispensing such substances is not done in good faith in the course of professional practice or research. Whether the physician acted in good faith in the course of professional practice or research is a question of fact.

Reversed.

DRUGS AND NARCOTICS — CONTROLLED SUBSTANCES ACT — PHYSICIANS AND SURGEONS — DISPENSING — DELIVERY.

Physicians dispensing controlled substances are not exempt from prosecution under the Controlled Substances Act unless the act of dispensing the controlled substance was done in good faith in the course of professional practice or research; whether a physician is acting in good faith in the course of professional practice or research is a question of fact (MCL 335.332[2]; MSA 18.1070[32][2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCES FOR POINTS IN HEADNOTE

25 Am Jur 2d, Drugs and Narcotics § 23.

Federal criminal liability of licensed physician for unlawfully prescribing or dispensing "controlled substance or drug in violation of Controlled Substances Act (21 USCS § 801 *et seq.).* 33 ALR Fed 220.

cipal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

Before: V. J. Brennan, P.J., and Bronson and D. F. Walsh, JJ.

V. J. Brennan, P.J. On October 12, 1977, defendant Theodore Rice, D.O., was charged with two counts of unlawfully dispensing and/or delivering a controlled substance in violation of MCL 335.341(1)(c); MSA 18.1070(41)(1)(c). Defendant moved to quash the information claiming that a physician dispensing controlled substances by prescription cannot be prosecuted under the above statute. The trial court noted this Court's split of authority on this issue as set forth in *People v Kerwin,* 56 Mich App 483; 224 NW2d 113 (1974), and *People v Alford,* 73 Mich App 604; 251 NW2d 314 (1977). In reliance upon *Kerwin,* the trial court granted defendant's motion to dismiss. The people appeal as of right.

The Supreme Court in *People v Alford,* 405 Mich 570, 589; 275 NW2d 484 (1979), resolved the conflict in the Court of Appeals as to whether a physician may be convicted of violation of the controlled substances act. The Court stated:

"We hold that physicians can dispense controlled substances only 'to the extent authorized by their registration and in conformity with the other provisions of this chapter.' MCL 335.332(2); MSA 18.1070(32)(2).

"A physician dispensing controlled substances not in the course of professional practice or research can be prosecuted for unlawful delivery of a controlled substance. Whether a physician or any other person listed in MCL 335.307(3)(a); MSA 18.1070(7)(3)(a) is acting in good faith in the course of professional practice or research is a question of fact."

Under the authority of *Alford,* the lower court's order quashing the information is vacated.
Reversed.