*In re* WAYNE COUNTY PROSECUTOR

(PEOPLE v RECORDER'S COURT JUDGE)

Docket No. 51656. Submitted June 16, 1981, at Detroit.—Decided September 15, 1981.

The Wayne County Prosecutor brought a complaint for superintending control in Wayne Circuit Court seeking an order vacating a dismissal of charges against two criminal defendants by a Detroit Recorder's Court judge acting as magistrate at a preliminary examination, remanding the case to the magistrate for examination of necessary witnesses, and directing the magistrate to issue a bench warrant to secure the attendance of certain witnesses. The circuit court denied the prosecution's application, Richard D. Dunn, J. The people appeal. *Held:*

1. The prosecutor properly sought review of the magistrate's decision by filing a complaint for superintending control in Wayne Circuit Court.

2. The time in which a complaint for superintending control may be brought is not limited by the court rule limiting the time in which an appeal may be brought in a circuit court.

3. The record reveals that the magistrate abused his discretion in refusing to compel the attendance of a material witness and then dismissing the charges against the defendants on the basis that the elements of the crimes had not been established, and thus the circuit court abused its discretion in denying the prosecutor's application for an order of superintending control.

4. The record reveals that the magistrate did not abuse his discretion in refusing to allow the prosecution additional time to produce certain witnesses, the prosecution having failed to demonstrate the required good cause for failure to produce the witnesses.

The circuit court's order denying superintending control is vacated; the prosecutor's application for an order of superin-

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 20 Am Jur 2d, Courts § 111 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 428.
21A Am Jur 2d, Criminal Law §§ 953, 974.
[6] 21 Am Jur 2d, Criminal Law § 428.

tending control is granted; and the case is remanded to the examining court.

1. SUPERINTENDING CONTROL — DETROIT RECORDER'S COURT — APPEAL.

Review of a Detroit Recorder's Court magistrate's decision to dismiss criminal charges against a defendant following a preliminary examination properly may be had by bringing a complaint seeking an order of superintending control in Wayne Circuit Court, and review of the circuit court decision properly may be had in the Court of Appeals.

2. SUPERINTENDING CONTROL — LIMITATION OF ACTIONS — COURT RULES.

The court rule which provides that an appeal to a circuit court must be taken within 20 days after the entry of an order or judgment does not apply to the bringing of a complaint against a magistrate for superintending control (GCR 1963, 701.2[a]).

3. SUPERINTENDING CONTROL — ABUSE OF DISCRETION.

A superintending court, in reviewing a magistrate's decision, should not substitute its judgment or discretion for the magistrate's, but should examine the record to determine whether there was an abuse of discretion which amounted to a failure to perform a clear legal duty, and where such failure is found the superintending court should order the magistrate to perform his duty.

4. SUPERINTENDING CONTROL — JUDICIAL DISCRETION.

The grant or denial of an order of superintending control is within the discretion of the court hearing the complaint, and such decision will not be disturbed on appeal by the Court of Appeals absent an abuse of discretion.

5. CRIMINAL LAW — PRETRIAL PROCEDURE — COMPULSORY PROCESS — WITNESSES — STATUTES.

A magistrate at a preliminary examination of a criminal defendant has a clear legal duty to compel the appearance of a material witness and to examine the prosecution's witnesses, and failure to do so constitutes an abuse of discretion (MCL 766.4; MSA 28.922).

6. CRIMINAL LAW — PRETRIAL PROCEDURE — WITNESSES — STATUTES.

Refusal by a magistrate during a preliminary examination of a criminal defendant to allow the prosecution additional time to produce witnesses does not constitute an abuse of discretion where the prosecution fails to demonstrate the good cause for

failure to produce the witness required by statute (MCL 766.7; MSA 28.925).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper,* for defendant.

*Monsey G. Wilson,* for intervening defendant Gregory J. Garrett.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

PER CURIAM. This appeal arises from the dismissal of charges of breaking and entering a place of business, MCL 750.110; MSA 28.305, and possession of burglar's tools, MCL 750.116; MSA 28.311, against two defendants following the conclusion of a preliminary examination in Detroit Recorder's Court.

At the commencement of the preliminary examination, the magistrate refused to issue a bench warrant for a witness whose building had been broken into and who failed to appear for the examination. After the testimony and argument, the magistrate dismissed both counts against the defendants, enumerating several weaknesses in the prosecution's presentation. These weaknesses included evidence of the time of the alarm and when a certain window had been boarded up, whether defendants had a right to be in the building, and whether certain tools had been in a second floor room prior to the time of the incident.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The prosecution's request for a continuance for purposes of producing witnesses whose testimony the magistrate indicated would be persuasive was also denied.

The prosecution filed a complaint for superintending control in Wayne Circuit Court, seeking an order vacating the magistrate's dismissal of charges against defendants, remanding the case to the magistrate for examination of the necessary witnesses, and directing the magistrate to issue a bench warrant to secure the attendance of any witnesses who refused to appear. The circuit court entered an order denying the complaint for an order of superintending control. The people now bring this appeal.

The first question is whether the complaint for an order of superintending control was filed correctly in the circuit court.

In *People v Paille #1*, 383 Mich 605, 607; 178 NW2d 469 (1970), the Supreme Court determined that the dual function of Detroit Recorder's Court as a magisterial court as well as a felony trial court does not provide for intra-court review whereby judges of equal station might overrule one another. The Court held that the circuit court was the proper forum for a complaint for superintending control challenging the dismissal of criminal charges in Recorder's Court. See also *People v Cason*, 387 Mich 586, 595; 198 NW2d 292 (1972), *Wayne County Prosecuting Attorney v Recorder's Judge*, 27 Mich App 419; 183 NW2d 577 (1970), *lv den* 384 Mich 785 (1970).

*People v Recorder's Court Judge #1*, 73 Mich App 150; 250 NW2d 809 (1977), and *People v Recorder's Court Judge #2*, 73 Mich App 156; 250 NW2d 812 (1977), *lv den* 400 Mich 825 (1977), also held that review of a Recorder's Court decision to

dismiss criminal charges was properly taken by complaint for an order of superintending control in Wayne County Circuit Court and that review of the circuit court's decision was properly obtained in this Court by claim of appeal.

There is no merit in defendant's argument that the prosecution erred in bringing his complaint for an order of superintending control rather than appealing to this Court directly pursuant to MCL 726.24; MSA 27.3574, which provides:

"All proceedings of the recorder's court at any time before or after final judgment or sentence may be reviewed, in the same manner that like circuit court proceedings may be reviewed, and the court to which the review is taken shall proceed to an adjudication in the same manner as on proceedings from the circuit courts."

Preliminary examinations in Recorder's Court are not "like circuit court proceedings" and are therefore not included in the statute.

Defendant also argues that even if the circuit court is the proper forum rather than the Court of Appeals, appeal rather than superintending control is the proper method of review, citing *People v Tait,* 99 Mich App 19; 297 NW2d 853 (1980). *Tait,* refers to *People v McCoy,* 75 Mich App 164; 254 NW2d 829 (1977), *lv den* 401 Mich 853 (1977), which declined to follow *People v Polk,* 59 Mich App 191; 229 NW2d 374 (1975). The *Polk* Court held that "[t]he proper and exclusive remedy for review by the people of a magistrate's determination to discharge an accused at the conclusion of a preliminary examination is by means of filing an original civil complaint for an order of superintending control, which must be filed in circuit court". *Id.,* 192. See Du Mouchel, *Criminal Proce-*

*dure,* 373, 25 Wayne L Rev 468 (1979). We hold that the complaint for an order of superintending control was a proper method of review.

Defendant's contention that the complaint was not timely brought pursuant to the 20-day rule of GCR 1963, 701.2(a) is also without merit. GCR 1963, 701.2(a) controls the time within which an appeal to a circuit court must be taken. Because plaintiff brought a complaint for an order of superintending control and because there exists no court rule or case authority limiting the time within which such a complaint must be brought, defendant's contention that the complaint was not timely under GCR 1963, 701.2(a) must fail.

Addressing the second issue raised by plaintiff, we hold that the Recorder's Court judge, sitting as a magistrate, abused his discretion by refusing to issue a bench warrant to compel the appearance of the owner of the violated property.

In reviewing the decision of the magistrate, a superintending court does not substitute its judgment or discretion for that of the magistrate. It examines the record to determine whether there was an abuse of discretion amounting to a failure to perform a clear legal duty. If such is the case, the superintending court orders the magistrate to perform his or her duty. The denial of an order of superintending control is within the discretion of the trial court, and, absent an abuse of discretion, it will not be disturbed by this Court on appeal. *Attorney General v Recorder's Court Judge,* 92 Mich App 42, 47; 285 NW2d 53 (1979), *lv den* 407 Mich 955 (1980).

In the instant case, the magistrate based the dismissal of the charges against defendants on his finding that the elements of the crimes had not been established. The magistrate stated that the

prosecution was required to produce witnesses who could have established that the defendants were not on the premises with permission, that the burglary tools had not been in the upstairs room prior to the incident, and that the boarded window, which allowed access to the premises, had been secure prior to the incident. The magistrate stated that the owner of the premises could have supplied this information and should have been produced by the prosecution.

The prosecution's dilemma was that the magistrate refused to compel the attendance of the witness without whose testimony the magistrate refused to bind over defendants. The prosecution could sustain its burden of producing evidence of probable cause only if the magistrate issued the bench warrant compelling the necessary witness to appear.

We hold that the magistrate had a clear legal duty to compel the appearance of a witness whose testimony was necessary to achieve the ends of justice. The magistrate not only had a duty to protect the integrity of the subpoena, and in a larger sense, the court, *Sakas v Savoie,* 53 Mich App 158, 160; 218 NW2d 853 (1974), but also had a statutory duty to examine the prosecution's witnesses. MCL 766.4; MSA 28.922. The magistrate's failure to carry out these duties constituted an abuse of discretion.

Finally, the magistrate did not abuse his discretion in refusing to allow time for the prosecution to provide additional witnesses available to him. the prosecution did not demonstrate the "good cause" necessary under MCL 766.7; MSA 28.925 to establish an abuse of discretion upon this ground.

Because the refusal to issue a bench warrant compelling the attendance of a material witness at

the preliminary examination constituted an abuse of discretion, the decision of the circuit court denying the issuance of the order for superintending control is vacated, the prosecution's application for an order for superintending control is granted, and the matter is remanded to the examining court for proceedings consistent herewith.