OPINION OF THE COURT
David B. Saxe, J.
In this case, concerning the enforceability of an oral agreement to form a partnership, the question arose whether the deposition of a nonparty witness could be read into evidence where that witness refused to appear in court to testify despite a court order to do so.
The facts are these: Abraham Padrusch, a nonparty witness, was deposed by the plaintiffs. Then, during the trial, Padrusch was subpoenaed by the plaintiffs to testify. Upon his refusal to honor the subpoena, the plaintiffs requested that his deposition be read into evidence. The defendants objected.
The applicable statute is New York CPLR 3117 (a) (3) (iv). It provides:
(a) (3) “the deposition of any person may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds * * *
“(iv) that the party offering the deposition has been unable to procure the attendance of the witness by diligent efforts”.
Whether the plaintiff’s request to have the deposition read into evidence should be granted depends upon whether the issuing of a subpoena to Padrusch satisfies the requirement of “diligent efforts” under CPLR 3117 (a) (3) (iv). At trial, I preliminarily *1061 indicated that it did, but I advised the litigants that I would examine the issue more closely and render an opinion. Having now done so, I hold it does not.
The intent underlying CPLR 3117 (a) (3) is that “if it is reasonably possible to have the witness appear and testify in person, his deposition may only be used for impeachment purposes” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3117:7, p 497), and not as evidence-in-chief. In recognition of this policy, New York courts have construed CPLR 3117 (a) (3) (iv) to permit depositions of nonparty witnesses to be read into evidence when diligent efforts fail to locate the witness even though the witness is presumed to be within the jurisdiction of the court. (McNerney v New York Polyclinic Hosp., 18 AD2d 210 [1st Dept 1963]; Nedball v Tellefsen, 102 Misc 2d 589 [Sup Ct, Trial Term, Queens County 1980].)
The attorneys have not cited, nor has this court found, any case deciding the question of whether a deposition of a nonparty witness may be offered as evidence-in-chief when the witness is located within the jurisdiction of the court but refuses to comply with a subpoena. However, it appears that such a situation does not render the disobedient witness “unavailable” within the meaning of CPLR 3117 (a) (3) (iv) and thus, does not warrant reading the deposition into evidence.
Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3117:8, p 499) provides that: “[I]f [the witness] is locatable within the state and can be served with a subpoena, thus compelling his appearance * * * [CPLR 3117 (a) (3)] (iv) should not be applicable and the witness’s personal presence should be required.”
A similar approach has been followed in California, Michigan and Idaho. In People v Sul (122 Cal App 3d 355,175 Cal Rptr 893 [5th Dist 1981]), the court stated that before a nonparty witness could be deemed unavailable for the purpose of reading his deposition into evidence the court must take reasonable steps to induce the witness’ appearance. Holding a disobedient witness in contempt of court, and sending him to jail was not considered “reasonable steps” in order to declare him unavailable in Sakas v Savoie (53 Mich App 158, 218 NW2d 853 [1974]). The court in Sakas held that a disobedient witness would not be deemed unavailable to testify in court unless the party offering the deposition and the trial court took reasonable steps to enforce the subpoena. But in State v Mee (102 Idaho 474, 632 P2d 663 [1981]), a nonparty witness was properly considered unavailable to testify at trial when the witness’ attendance was procured by *1062 the court but the witness persistently refused to testify after being repeatedly called to the stand.
These cases indicate that the deposition of a nonparty witness may only be read into evidence after all appropriate means to induce the witness’ appearance and testimony in court have been attempted. As New York CPLR 2308 provides the court with the necessary enforcement powers directed toward a recalcitrant witness, i.e., holding a disobedient witness in contempt of court or issuing a warrant directing a Sheriff to bring the witness to court, the mere issuance of a subpoena does not satisfy “diligent efforts” under New York CPLR 3117 (a) (3) (iv).
I therefore find that the deposition of Adam Padrusch was erroneously admitted into evidence. However, this error should be disregarded since it had no bearing on my decision and was nonprejudicial. (Frear & Co. v Ellett, 25 AD2d 901 [3d Dept 1966].) As a result, there is no reason to. change the decision I have already rendered in this case or order a retrial. (Evans v Newark-Wayne Community Hosp., 35 AD2d 1071 [4th Dept 1970].)